NASHUA & L. R. CORP. *v.* BOSTON & L. R. CORP. *et al.*

*(Circuit Court, D. Massachusetts. March 16, 1892.)*

1. MASTERS IN CHANCERY—TAKING AN ACCOUNT—LAW OF THE CASE.
    When a question as to the date from which interest shall run has been decided by the court after full hearing, on a motion for final decree, such decision is binding on a special master to whom the cause is subsequently referred to take an account, and cannot be again raised by exceptions to his report.
2. SAME—REPORT—EFFECT OF PRIOR SUPREME COURT DECISION.
    When the supreme court has decided that plaintiff is entitled to a full accounting in respect to a given series of transactions, upon definite principles of liability, the master's report in respect thereto is not subject to exception because it awards a sum exceeding the amount named in the bill, and it is immaterial whether the bill is amended.

In Equity. Suit by the Nashua & Lowell Railroad Corporation against the Boston & Lowell Railroad Corporation and others for an ac-

counting. For prior reports, see 8 Fed. Rep. 458; 19 Fed. Rep. 804; 27 Fed. Rep. 821; and 10 Sup. Ct. Rep. 1004. The hearing is now upon exceptions to the report of the special master. Overruled.

*Francis A. Brooks*, for complainant.

*Josiah H. Benton, Jr.*, for defendants.

COLT, Circuit Judge. On July 21, 1891, this case was referred to a master to take an account under the mandate of the supreme court, directing the circuit court to take further proceedings in accordance with the opinion of that court. 136 U. S. 356, 10 Sup. Ct. Rep. 1004. The master upon this accounting finds that the complainant is entitled to recover from the defendant the sum of $29,676.41, with interest from May 19, 1890, the date of the mandate, to the date of the final decree herein. To this report both parties filed exceptions. The complainant's exceptions relate to the question of the time from which interest should be computed upon the sum found due. Under the first exception, it is claimed that interest should have been reckoned from the date of the commencement of suit, April 17, 1880. In the second exception, it is claimed that interest should be allowed from the times the several sums of money belonging to the complainant were appropriated by the defendant.

Some months before the case was referred to the master, upon complainant's motion for a final decree, this question of interest was fully heard by the court upon the record and the evidence in the case, and upon due consideration thereof, and of the arguments and briefs of counsel, the court held that the complainant was only entitled to interest from the date of the mandate. The master properly based his finding upon this decision of the court. After a full hearing by both parties and a decision by the court, this question was not open before the master, but the master was bound to follow the ruling of the court. The complainant's exceptions, therefore, are overruled.

The first exception of the defendant relates to the amount of $29,-676.41 found due by the master. The defendant contends that the amount should have been $26,124, which is the specific sum mentioned in the bill of complaint. Although at first inclined to the opinion that no greater amount than the last sum mentioned could be recovered without amending the bill, upon further consideration I am satisfied that upon the bill as it stands, in view of the opinion of the supreme court, the complainant is entitled to a full accounting with respect to those matters wherein the defendant was held liable by the supreme court, even if the sum should prove to be in excess of the amount named in the bill. In this view, it became immaterial whether or not the bill was amended. I therefore hold the master's finding to be correct, and overrule this exception.

The remaining exceptions of the defendant, in view of the opinion I have already expressed, become, it seems to me, unimportant. The motion to recommit is denied, exceptions are overruled, and the master's report confirmed.